IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

K12 INSIGHT LLC,

    Plaintiff,

v.     Civil Action No. 1:17-cv-1397

JOHNSTON COUNTY BOARD OF
EDUCATION,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Johnston County Board of Education's Motion for Summary Judgement.

On May 22, 2014, the Johnston County Board of Education signed an Order Form with K12 Insight to provide the District with a subscription to its "Let's Talk!" software platform. In May 2016, the District renewed its subscription for a fee of $86,650 per year for three one-year terms with the final term ending on July 31, 2019.

Following notification of its local funding appropriation, the District determined that there was not sufficient funding for the final two years of the subscription. On June 21, 2017, the District communicated to K12 its intention to terminate the subscription.

On October 23, 2017, K12 filed the instant lawsuit in the Circuit Court for the County of Fairfax, asserting claims for Breach of Contract (Count I) and Constructive Fraud (Count II). The Board properly removed the action to this Court on December 7, 2017, pursuant to diversity jurisdiction. K12 consented to dismissal of Count II and Johnson County Board of Education now brings this Motion for Summary Judgment on Count I for Breach of Contract.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

Here, viewing the facts in the light most favorable to the non-moving party, Defendant Johnston County is entitled to summary judgment. K12 claims that Johnston County breached the terms of the Order Form by improperly terminating the

subscription services at the end of the first year. The Court finds that the Order Form, the contract in this case, is void. The Order Form has several deficiencies that prevent its enforcement.

First, the pre-audit certification was not affixed to the face of the Order Form. Under North Carolina's pre-audit statute, N.C. Gen. Stat. § 115C-441(a1), to ensure that local school boards have sufficient funds to cover their contractual financial obligations, the statute requires that

> the written contract, agreement, or purchase order shall include on its face a certificate stating that the instrument has been preaudited to assure compliance with subsection (a) of this section. The certificate, which shall be signed by the finance officer, shall take substantially the following form . . . .

The statute goes on to say "an obligation incurred in violation of [this] section is invalid and may not be enforced." Id. §115C-441(a2). For the contract to be valid the statute requires both a pre-audit certification affixed to the face of the contract (the Order Form), and a signature from the finance officer. Neither of these requirements were met. Transportation Servs. Of N. Carolina, Inc. v. Wake Cty. Bd. Of Educ., 198 N.C. App. 590, 596, 680 S.E.2d 223, 226 (2009) ("a preaudit certificate is required for a contract to be valid and enforceable under N.C. Gen. Stat. § 115C-441(a)"). See Cabarrus Cty. v. Systel Bus. Equip. Co., 171 N.C. App. 423, 426, 614

3

S.E.2d 596, 598 (2005) (the agreement "lacked a preaudit certificate signed by [the] finance officer . . . [and] therefore failed to meet North Carolina General Statutes section 159-28(a)'s requirements, and, as a consequence, the [agreement] is unenforceable").

K12 argues that a pre-audit certification was affixed to the purchase order issued after the execution of the Order Form and therefore satisfies the requirements of the statute. The Court declines to adopt this reasoning. The breach of contract claim is based on the Order Form - the written agreement requiring the payment of money. Section 115C-441(a1) requires that the pre-audit certificate be "included on the face" of the instrument. The purchase order was a different document executed days after the Order Form. The written instrument, the Order Form, did not contain on its face the pre-audit certification or the finance officer's signature.

The Court also finds that the contract is unenforceable because it was made outside the scope of the superintendent's authority. The Virginia Supreme Court has recognized that school boards "may exercise only the power granted to them" by the [legislature]" and where a school boards enters into a contract in contravention of statutory authority, the action is *ultra vire* and void *ab initio*. School Bd. of Amherst Cty. v. Burley,

4

225 Va. 376, 378 (1983).[1] On the same note, "where a contract executed by an agent of the government is *ultra vires* it is void *ab initio* and of no legal effect." York Cty. v. King's Villa, Inc., 226 Va. 447, 452 (1983).

The Johnston County Board of Education's Policy 7400 provides that "[a]ll system-level contracts made on behalf of the board of education involving expenditures exceeding ninety thousand dollars ($90,000) must receive prior approval from the board." The Order Form contained three one-year terms, with an annual subscription fee of $86,650 per year for a total amount of $259,950. The superintendent did not submit the Order Form to the Board for approval. It is a "fundamental principle of law that all persons contracting with a municipal corporation must *at their peril inquire into the power* of the corporation or of its officers to make the contract." American-LaFrance & Foamite Indus. v. Arlington Cty., 164 Va. 1, 9-10 (1935) (emphasis retained). The superintendent did not receive the Board's approval and the Order Form is unenforceable.

Finally, while the Court finds that the Order Form is not enforceable, had the contract been made in accordance with the law, the Board nevertheless properly terminated its subscription with K12 under the express terms of the contract. The Terms of

---

[1] The Terms of Service in effect at the time the renewal Order Form was signed contain a Virginia choice-of-law provision.

5

Service contain a provision that the "[a]greement is contingent upon the continued availability of appropriations and is subject to cancellation, without penalty, either in whole or in part, if funds are not appropriated by the Client or otherwise not made available to the Client." Funds for the remaining two years of the subscription were not made available to the Board and subsequently the funds were not available to continue the K12 subscription service. The Board therefore appropriately terminated its subscription.

For the reasons stated, Defendant's Motion for Summary Judgement is GRANTED.

An appropriate order shall issue.

Alexandria, Virginia
July 3*5*, 2018

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE